IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                        Case Nos.:   4:09cr73/RH/CAS
                                                        4:11cv334/RH/CAS

JUNIOR DOGUER

---

## Order, REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 91).  The Government filed a response (doc. 93) and Defendant filed a reply (doc. 94).  Defendant also filed a motion to amend, although he subsequently indicated his intent to dismiss the ground for relief raised therein and raise a different claim (*see* docs. 267, 301).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND

Defendant Junior Doguer was charged in three counts of a nine count superseding indictment[1] with various financial crimes (doc. 44).  Count One charged Defendant and six others with conspiracy to use unauthorized access devices in violation of 18 U.S.C. § 371 and 1029(b)(2).  The conspiracy involved two groups of individuals.  Four of the defendants were cashiers at Circle K Convenience Stores in Tallahassee who surreptitiously obtained debit card account numbers and PINs from customers at the two stores.  Defendant and others, in turn, obtained the debit card account numbers and PINs from the cashiers, transferred the account information to other cards, and fraudulently obtained money using the stolen account numbers through ATMs and other transactions.  Count Two charged Defendant and six others with trafficking in and using one or more unauthorized access devices to obtain things of value aggregating more than $1000 during a one year period in violation of 18 U.S.C. §§ 1029(a)(2), 1029(c) and 2, i.e. fraud in connection with counterfeit credit cards or other access devices.   Count Eight charged Defendant with knowingly transferring, possessing and using without lawful authority a means of identification of another person, namely access devices described as debit card account numbers and PINs during and in relation to the felonies charged in Counts One and Two in violation of 18 U.S.C. § 1028A and 2, i.e. aggravated identity theft.

Represented by retained counsel Robert Morris, on January 27, 2010, Defendant entered a plea of guilty pursuant to a written plea agreement and statement of facts

---

[1]In all, there were seven defendants charged in this case.

(docs. 76–78).  The agreement specifically identified five debit account numbers and

PINs that Defendant had personally possessed or used, and identified the approximate

total actual loss of $209,155.36 and the approximate total intended loss of $443,202.62

(doc. 76 at 4--5).

At the rearraignment, Defendant expressed minor disagreement with details

about his role in the offense conduct as set forth in the statement of facts (doc. 209 at

9–11).  The parties noted that the loss amounts were not attributable to Defendant

alone, but rather to the overall conspiracy (*id.* at 14).  The court stated that the issue of

what portion of this amount was attributable to Defendant would be an issue for

sentencing (*id.*).

The Presentence Investigation Report ("PSR") was disclosed to the defense on

April 9, 2010 (doc. 120; 165). Defendant's base offense level for Counts One and Two,

which were grouped, was six[2] (PSR ¶ 59).  Due to the application of numerous

adjustments, Defendant's total offense level was 31 (PSR ¶ 70).  Defendant received a

fourteen-level adjustment because the loss amount exceeded $400,000; three two-level

adjustments because the offense involved more than ten victims, sophisticated means

and possession or use of "device-making" equipment; a three-level adjustment due to

his role as a manager or supervisor; and a two-level adjustment for obstruction of justice

---

[2]The PSR noted that the November 1, 2008, edition of the <u>Guidelines Manual</u> was used because it was less onerous than the manual in effect on the day of sentencing (PSR ¶ 57).

due to his provision of materially false information during the presentence interview[3]
(PSR ¶¶ 60–66).  Defendant had a criminal history category of III (PSR ¶¶ 76–78).  The
applicable guidelines range was 135 to 168 months, but due to the application of a
statutory maximum sentence on Counts One and Two, the guidelines sentence as to
these two counts became 60 and 120 months respectively (PSR ¶¶ 97, 98).  There was
a statutorily required consecutive two year sentence as to Count Eight (PSR ¶ 99).

At sentencing,[4] Defendant acknowledged that he had read the PSR and
discussed it with counsel (doc. 210 at 3–4).  Defendant objected to the loss amount, the
adjustment for his role in the offense, and the conclusion that he was not entitled to a
reduction for acceptance of responsibility (*id.* at 4).  The court heard argument on the
acceptance issue and reserved ruling until after the entire defense presentation, at
which point it sustained the objection (*id.* at 40–42, 53–54).  Counsel also argued for a
downward variance because Defendant's criminal history category overstated the risk of
recidivism, a position with which the Government disagreed (*id.* at 43–44, 51).
Defendant declined to separately address the court (*id.* at 44).  After the three level
revision, Defendant's total offense level was 28, and the advisory guidelines range was
97 to 121 months (*id.* at 56).  In imposing sentence, the court explained that
Defendant's sentence, which was at the low end of the applicable guidelines range, was

---

[3]Additionally, law enforcement learned from recorded phone calls from the Leon
County Jail that Defendant directed his girlfriend to take a computer from his house and
hide it as well as to destroy "stuff" left by another unindicted co-conspirator (PSR ¶ 55).

[4]Sentencing for Defendant and co-defendants Reginald Voltaire and Javon Wiggins
was conducted as part of the same proceeding.

longer than that of co-defendant Voltaire due to the defendants' differing criminal histories, and longer than that of co-defendant Wiggins due to Wiggins' immediate efforts to cooperate and his minor criminal history (*id.* at 56–57).

Defendant's final sentence was a term of 60 months on Count One, 97 months on Count Two to run concurrently with Count One, and a consecutive term of 24 months imprisonment on Count 8, for a total of 121 months (doc. 158). Defendant was also ordered to pay $209,155.36 in restitution (doc. 158, doc. 210 at 61).

Defendant appealed (doc. 163), represented by appointed counsel Michael Robert Ufferman (doc. 201). The lone argument raised on appeal was that the district court erred by imposing the two level enhancement for possession or use of device-making equipment (doc. 254 at 6). The Eleventh Circuit found that Defendant could not show plain error, and the plain language of the relevant guidelines, commentary and applicable statutes supported the application of the enhancement in Defendant's case (*id.* at 6–7). It affirmed Defendant's sentence on May 17, 2011 (*id.* at 4).

Defendant raised four grounds for relief in his original § 2255 motion. He raised a fifth claim in his pending motion to amend, although he subsequently indicated his intent to withdraw his fourth and fifth claims and add another claim (*see* doc. 301).[5] The Government opposes the motion in its entirety.

---

[5]To the extent Defendant attempts to raise an additional claim in his Addendum filed on December 17, 2012, it is untimely and will not be considered, as further discussed below.

**LEGAL ANALYSIS**

Because collateral review is not a substitute for direct appeal, the grounds for

collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner

is entitled to relief under section 2255 if the court imposed a sentence that (1) violated

the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded

the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28

U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011).

"Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights

and for that narrow compass of other injury that could not have been raised in direct

appeal and would, if condoned, result in a complete miscarriage of justice.'"  Lynn v.

United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The

"fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S.

478, 496 (1986), provides that it must be shown that the alleged constitutional violation

"has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised

in a section 2255 motion which have been resolved on direct appeal.  Rozier v. United

States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340,

1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994).

Once a matter has been decided adversely to a defendant on direct appeal, it cannot be

re-litigated in a collateral attack under section 2255.  Nyhuis, 211 F.3d at 1343

(quotation omitted).  Broad discretion is afforded to a court's determination of whether a

particular claim has been previously raised.  Sanders v. United States, 373 U.S. 1, 16

(1963) ("identical grounds may often be proved by different factual allegations . . . or

supported by different legal arguments . . . or couched in different language . . . or vary

in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct

appeal, and issues which could have been raised on direct appeal are generally not

actionable in a section 2255 motion and will be considered procedurally barred.  Lynn,

365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998);  McKay v.

United States, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct

appeal when its merits can be reviewed without further factual development."  Lynn, 365

F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055).   Absent a showing that the ground

of error was unavailable on direct appeal, a court may not consider the ground in a

section 2255 motion unless the defendant establishes (1) cause for not raising the

ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is,

alternatively, that he is "actually innocent."  Lynn, 365 F.3d at 1234; Bousley, 523 U.S.

at 622 (citations omitted).  To show cause for procedural default, a defendant must

show that "some objective factor external to the defense prevented [him] or his counsel

from raising his claims on direct appeal and that this factor cannot be fairly attributable

to [defendant's] own conduct."  Lynn, 365 F.3d at 1235.  A meritorious claim of

ineffective assistance of counsel can constitute cause.  See Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct

appeal and are properly raised by a § 2255 motion regardless of whether they could

have been brought on direct appeal.  Massaro v. United States, 538 U.S. 500, 503

(2003); *see also* United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010).  The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Strickland v. Washington, 466 U.S. 668, 686 (1984).  To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  Strickland, 466 U.S. at 686; Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013).  Strickland's two part test also applies to guilty pleas.  Hill v. Lockhart, 474 U.S. 52, 58 (1985).  A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial.  *Id.* at 59.  In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.  Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; *see also* Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007).  Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at

689); *see also* Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000)

(discussing presumption of reasonableness of counsel's conduct); Lancaster v.

Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not

entitled to error-free representation").  Counsel's performance must be evaluated with a

high degree of deference and without the distorting effects of hindsight.  Strickland, 466

U.S. at 689.  To show counsel's performance was unreasonable, a defendant must

establish that "no competent counsel would have taken the action that his counsel did

take."  Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations

omitted); Chandler, 218 F.3d at 1315.  When examining the performance of an

experienced trial counsel, the presumption that counsel's conduct was reasonable is

even stronger, because "[e]xperience is due some respect."  Chandler, 218 F.3d at

1316 n.18.

    With regard to the prejudice requirement, defendant must establish that, but for

counsel's deficient performance, the outcome of the proceeding would have been

different.  Strickland, 466 U.S. at 694.  For the court to focus merely on "outcome

determination," however, is insufficient; "[t]o set aside a conviction or sentence solely

because the outcome would have been different but for counsel's error may grant the

defendant a windfall to which the law does not entitle him."  Lockhart v. Fretwell, 506

U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th

Cir. 2010).  A defendant therefore must establish "that counsel's errors were so serious

as to deprive the defendant of a fair trial, a trial whose result is reliable."  Lockhart, 506

U.S. at 369 (quoting Strickland, 466 U.S. at 687).  Or in the case of alleged sentencing

errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.  Glover v. United States, 531 U.S. 198, 203–04 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  Id. at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.  Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test.  See Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."  Chandler, 218 F.3d at 1313.  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.  Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000).  "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective

assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)).  The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory."  United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  See Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  Lynn, 365 F.3d at 1239.

Ground One

In Defendant's first ground for relief he claims that counsel was constitutionally ineffective because he failed to move to correct Defendant's sentence under Fed.R.Crim.P. 35(a).  Defendant claims that his sentence was enhanced two additional levels because the court combined the actual and intended loss instead of using the greater amount.  Defendant's assertion is factually mistaken.  The statement of facts, signed by Defendant, reflects that the approximate total intended loss was $443,202.62, although the co-conspirators were only successful in obtaining $209,155.36 in actual loss (doc. 76 at 4).  Defendant is correct that in determining the appropriate guidelines adjustment, "loss is the greater of actual loss or intended loss."  *See* U.S.S.G. § 2B1.1, comment. (n.3.(A)).  Defendant's confusion appears to have arisen from the chart contained in his PSR which sub-divides the total (intended) loss into two categories of loss:  the actual loss requiring restitution, and the unrealized intended loss for which no restitution was ordered or required (*see* PSR ¶ 27).  Based on the figures contained both in the statement of facts and the PSR, the court properly applied the fourteen level increase corresponding to a loss of more than $400,000.  *See* U.S.S.G. § 2B1.1(b)(1)(H).  Counsel was not constitutionally ineffective for his failure to make a frivolous objection.  Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); Sneed v. Florida Dep't of Corrections, 496 F. App'x 20 (11th Cir. 2012); Lattimore v. United States, 345 F. App'x 506, 508 (11th Cir. 2009); Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002).  Defendant is not entitled to relief.

Ground Two

Defendant next contends that his sentence was improperly increased due to "double counting" where he received both a guidelines adjustment and a separate, consecutive sentence for the same conduct.  The guidelines adjustment he references is the two level adjustment pursuant to § 2B1.1(b)(10) (PSR ¶ 63).  Defendant challenged the application of this adjustment on appeal, and as such, his attempt to relitigate this issue is procedurally barred (see doc. 264).  Rozier, 701 F.3d at 684; United States v. Nyhuis, 211 F.3d at 1343.  To the extent Defendant attempts to avoid the procedural bar by asserting that counsel was constitutionally ineffective in the manner in which counsel litigated this issue, his claim is without merit.

Defendant received a two level increase pursuant to then-section 2B1.1(b)(10)(A)(i)[6] because the offense involved the possession or use of device-making equipment (PSR ¶ 63).  Alternatively, the PSR provided that the same enhancement was proper pursuant to § 2B1.1(b)(10)(B)(i) because the offense involved the production or trafficking of unauthorized or counterfeit access devices (id.). Defendant now contends that this two level enhancement should not have applied due to his conviction in Count Eight of aggravated identity theft.  In his memoranda, Defendant cites § 2B1.1(b)(1) as precluding application of the adjustment (see doc. 256 at 8; doc. 272 at 3).  Although the Government did not address this issue, the court has determined that it is actually note 2 of the commentary to § 2B1.6, the guideline pertaining to aggravated identity theft, to which Defendant refers.  This comment

---

[6]This section was renumber in 2011 as § 2B1.1(b)(11).

provides in pertinent part that if a sentence under § 2B1.6 is imposed in conjunction with a sentence for an underlying offense, the court should not apply a specific offense characteristic adjustment for the transfer, possession, or use of a means of identification[7] when determining the sentence for the underlying offense. U.S.S.G. § 2B1.6 comment. (n. 2).

Defendant is correct that three appellate courts have held that application of the enhancement under § 2B1.1(b)(10)(B)(i) (now § 2B1.1(b)(11)(B)(i)) was improper in conjunction with a conviction for aggravated identity theft.  *See* United States v. Doss, 741 F.3d 763 (7th Cir. 2013); United States v. Lyons, 556 F.3d 703, 708 (8th Cir. 2009); United States v. Jones, 551 F.3d 19, 25 (1st Cir. 2008).  However, as noted above, there were two alternative bases for application of the enhancement at issue here: § 2B1.1(b)(10)(B)(i) and § 2B1.1(b)(10)(A)(i).  The PSR specifically reflects that it was Defendant's possession of an encoder, i.e. a device used to produce a "means of identity," that triggered the application of § 2B1.1(b)(10)(A)(i).  This is a factual

---

[7]A "means of identification" is defined in 18 U.S.C. § 1028(d)(7) as:

. . . any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any--

(A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;
(B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;
(C) unique electronic identification number, address, or routing code; or
(D) telecommunication identifying information or access device (as defined in section 1029(e)).

distinction that does not preclude application of the adjustment.  *See* United States v. Wiley, 407 F. App'x 938, 942 (6th Cir. 2011) (holding that commentary note two does not apply when the evidence shows that the defendant produced the false identification) (citing United States v. Jones, 551 F.3d 19, 25–26 (1st Cir. 2008); United States v. Jenkins-Watts, 574 F.3d 950, 962 (8th Cir. 2009)).  Even if counsel could have lodged a meritorious objection to use of § 2B1.1(b)(10)(B)(i) as a basis for the application of the adjustment, there was no prejudice, because, as the Eleventh Circuit also found, application of the adjustment was proper under § 2B1.1(b)(10)(A)(I) (*see* doc. 254). Defendant has not shown that counsel was constitutionally ineffective or that he is entitled to relief.

Ground Three

Defendant contends that his plea was not knowing and voluntary with respect to Count Eight of the superseding indictment because he was not advised of all of the elements of the offense.[8]  Defendant claims that neither he, nor his attorney, nor the court, understood that Defendant's knowledge that the credit or debit cards belonged to another person was an essential element of aggravated theft.  The court need not decide whether Defendant understood this to be an element of the offense or not.  It cannot be disputed that due to the manner in which the conspiracy operated, as set forth in the statement of facts, Defendant knew that the offense conduct involved the theft of debit card numbers from actual persons whose debit card numbers were

---

[8]Defendant later indicated his intent to dismiss his Double Jeopardy claim, which was both incorporated into Ground Three and raised as a separate claim in Ground Four (*see* doc. 301).

intercepted when the victims were present in one of the two Circle K stores (*see* doc.

76, passim).  His claim that his plea was not knowing and voluntary is without merit and

he is not entitled to relief.

<u>Defendant's Motion to Amend and "Addendum"</u>

Defendant filed a motion to amend on October 3, 2011, in which he claimed that

counsel was constitutionally ineffective in not appealing the district court's failure to set

a payment schedule (doc. 267).  This court did not previously rule on the motion to

amend, which was filed well within the one year time limitation for filing § 2255 motions.

*See* 28 U.S.C. § 2255(f).  In any event, the motion has now been rendered moot by

Defendant's filing of an addendum in which he indicated his intent to abandon this claim

(doc. 301).  In the same addendum, which was filed pursuant to the prison mailbox rule[9]

on December 17, 2012, Defendant purports to raise a new claim.  He argues that

counsel was constitutionally ineffective because he failed to challenge the method of

loss calculation in this case.  For purposes of this discussion, the court considers

Defendant's addendum as a motion to amend his § 2255 to add this additional claim.

Defendant's new claim, however, was filed well over one year after his judgment of

---

[9]A pro se inmate's pleading is deemed filed at the time it is placed in the prison
mailbox or delivered to prison authorities for mailing.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266
(1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed
it in the prison mailbox, thus creating the "prison mailbox rule"); <u>Williams v. McNeil</u>, 557
F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's
court filing is deemed filed on the date it is delivered to prison authorities for mailing);
<u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the
contrary, court assumes that a pro se petition is delivered to prison authorities for mailing
the date it was signed).

conviction became final.  In order to determine whether substantive consideration of this claim is warranted, the court must first consider whether it was timely filed.

The Federal Rules of Civil Procedure are to be applied, when appropriate, to motions challenging sentences. *See* Rule 12 of the Rules Governing § 2255 Proceedings.   Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings in civil cases.[10]  Rule 15(a) sets forth when a party may amend its pleadings, including 21 days after service or 21 days after service of a responsive pleading as a matter of course, and otherwise only with either the opposing party's consent or leave of court.  Fed.R.Civ.P. 15(a).

With regard to consideration of filing dates, Rule 15(c)(1) provides in pertinent part that:

> An amendment to a pleading relates back to the date of the original pleading when:
>
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out– or attempted to be set out– in the original pleading;

Claims made by a motion to vacate sentence are functionally no different than claims made in other civil litigation.  Rule 2(b) of the Rules Governing § 2255 Proceedings requires that a § 2255 motion specify all the grounds for relief available to

---

[10]    Rule 15 has been applied to amendments in both § 2254 and § 2255 cases. *See, e.g.,* United States v. Trevino, Case no. 11-20859, 2014 WL 505330 (5th Cir. Feb. 10, 2014); United States v. Nelson, 465 F.3d 1145 (10th Cir. 2006); Jones v. United States, 304 F.3d 1035 (11th Cir. 2002); United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999); Rogers v. United States, 180 F.3d 349, 352 n. 3 (1st  Cir.1999);  United States v. Duffus, 174 F.3d 333, 336 (3d Cir. 1999).

the moving party and state the facts supporting each ground.  The summary of facts

provides a basis to determine whether a new claim which is proposed to be included in

an amendment to the motion arose out of the conduct, transaction, or occurrence set

forth or attempted to be set forth in the original motion. *See* Fed.R.Civ.P. 15(c)(1).  If it

does, and if the initial motion was timely, the amendment containing the new claim will

also be timely because it relates back to the original motion. However, only if the new

amended claim relates back in time to the initial petition may the court consider it on its

merits.  In Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000), the court

held that in order to relate back, claims in an amended or supplemental § 2255 motion

must arise from the same set of facts as the original claims, not from separate conduct

and occurrences in both time and type.  *See also* Mayle v. Felix, 545 U.S. 654, 664

(2005) (so long as the original and amended petitions state claims that are tied to a

common core of operative facts, relation back will be in order); Farris v. United States,

333 F.3d 1211, 1215 (11th Cir. 2003); Dean v. United States, 278 F.3d 1218 (11th Cir.

2002).  However, the mere fact that the alleged errors arose from the same trial and

conviction is insufficient.  Mayle, 545 U.S. at 650.  Furthermore, claims of ineffective

assistance of counsel which arose from separate conduct and occurrences in both time

and type do not relate back.  Davenport, 217 F.3d at 1346; Farris, 333 F.3d at 1215;

Espinosa v. United States, 330 F. App'x 889 (11th Cir. 2009);  Mabry v. United States,

336 F. App'x 961 (11th Cir. 2009) (distinguishing "new" claims that do not relate back

from claims that merely "clarify" previously raised claims).

In this case, Defendant's proposed amended claim is that counsel should have challenged the method of calculation used to determine the intended loss of the conspiracy.  He contends that the method of "averaging" that was used resulted in an unfairly inflated loss calculation.  Defendant's argument is factually dissimilar from his previously raised claims.  His argument cannot be construed as "clarifying" a prior claim, but rather it alleges an error of a different sort.  *See* Mabry, 339 F. App'x at 963–64. Absent "core facts that coincide," (*id.*), Defendant's proposed amended claim does not relate back to his initial § 2255 motion, and it is thus untimely.

Defendant's addendum includes an assertion that he was coerced by a jailhouse lawyer into including frivolous allegations in his initial motion and proposed amendment. Defendant does not assign blame to the jailhouse lawyer for the fact that this argument was not raised previously.  However, even if he did, this would not excuse his untimely attempt to file an amendment or justify equitable tolling. *See, e.g.,* Perez v. Florida, 519 F. App'x 995 (11th Cir. 2013) (lack of legal education or ignorance of the law does not excuse untimely filing or justify equitable tolling) (citing Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005)).

Therefore, because amendment would be futile, as the new claim Defendant seeks to raise is untimely, Defendant's "addendum," construed as a motion to amend his pending § 2255 motion, is denied.

Conclusion

For all of the foregoing reasons, the court finds that Defendant has not shown that any of the claims raised in his motion to vacate, set aside, or correct sentence

pursuant to 28 U.S.C. § 2255 have merit.  Nor has he shown that an evidentiary hearing is warranted.  Therefore Defendant's motion should be denied in its entirety.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**

1.  Defendant's motion to amend (doc. 267) is **DENIED as moot** in light of his subsequent withdrawal of the claim raised therein (doc. 301).

2.  Defendant's addendum to his motion to vacate, construed as a motion to amend (doc. 301) is also **DENIED**, as the claim raised therein is untimely.

And based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (doc. 255) be **DENIED**.

2.  A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 1st day of April, 2014.


/s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**