IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


UNITED STATES OF AMERICA

v.  　　　　　　　　　　　　　　　　　CASES NO.  4:09cr73-RH/CAS
　　　　　　　　　　　　　　　　　　　　　　　　4:11cv334-RH/CAS

JUNIOR DOGUER,

　　　　Defendant.

_____/


### ORDER DENYING THE § 2255 MOTION

　　　　The defendant Junior Doguer has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction.  The motion is before the court on the magistrate judge's report and recommendation, ECF No. 343.  No objections have been filed.  This order accepts the report and recommendation, adopts it as the court's opinion, and denies the § 2255 motion, with this additional note.

　　　　Mr. Doguer has raised a total of six claims.  He raised four in the § 2255 motion has originally filed, sought leave to add a fifth, then abandoned the fourth and fifth claims but attempted to add a sixth.  The report and recommendation correctly concludes that the first three claims are unfounded on the merits.  As is proper, the report and recommendation does not address the merits of the

abandoned fourth and fifth claims.  And the report and recommendation correctly concludes that the sixth claim is barred by the one-year statute of limitations.

The sixth claim is also unfounded on the merits.  Mr. Doguer's offenses included fraudulently obtained credit or debit cards—referred to in the governing statute and in the Guidelines Manual as "access devices."  The guideline range was calculated under Guidelines Manual § 2B1.1.  That guideline calls for an increase in the offense level based on the greater of actual or intended loss.

Mr. Doguer's offense level was increased on this basis.  For a card that produced an actual loss greater than $500, the actual loss was used in calculating the guideline range.  But for a card that produced a smaller loss or no loss at all, an amount of $500 was used.

Mr. Doguer says this was wrong and that his attorney rendered ineffective assistance by allowing this to happen.  But this treatment of the loss was correct. The relevant application note makes this clear: "In a case involving any counterfeit access device or unauthorized access device, loss includes any unauthorized charges made with the counterfeit access device or authorized access device and shall be not less than $500 per access device."  U.S. Sentencing Guidelines Manual § 2B1.1, cmt. n.3(F) (2009).

The guideline's use of $500 as the minimum intended loss makes sense. Surely it happens rarely if ever that a defendant fraudulently creates or obtains a

credit or debit card but does not intend to obtain at least $500 in value from it, if possible.

In sum, Mr. Doguer's untimely sixth claim, like his first three claims and his abandoned fourth and fifth claims, is unfounded on the merits.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Mr. Doguer has not made the required showing. This order thus denies a certificate of appealability. Because Mr. Doguer has not obtained—and is not entitled to—a certificate of appealability, any appeal by Mr. Doguer will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that Mr. Doguer is not otherwise entitled to proceed *in forma pauperis* on appeal. Accordingly,

IT IS ORDERED:

1. The report and recommendation is ACCEPTED.

2. The clerk must enter a judgment stating, "The defendant Junior Doguer's motion for relief under 28 U.S.C. § 2255 is DENIED."

3. A certificate of appealability is DENIED.

4. Leave to proceed on appeal *in forma pauperis* is DENIED.

SO ORDERED on May 17, 2014.

s/Robert L. Hinkle  
United States District Judge